http://www.va.gov/vetapp16/Files5/1639920.txt

Citation Nr: 1639920 
Decision Date: 09/30/16 Archive Date: 10/13/16

DOCKET NO. 10-46 902 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida

THE ISSUE

Entitlement to service connection for a hiatal hernia, to include as secondary to service-connected duodenal ulcer.

REPRESENTATION

Veteran represented by: Disabled American Veterans

ATTORNEY FOR THE BOARD

K.C. Spragins, Associate Counsel

INTRODUCTION

The Veteran had active service in the United States Army from October 1968 to October 1970.

This matter initially came to the Board of Veterans' Appeals (Board) on appeal from a November 2009 rating decision from the Department of Veterans Affairs (VA) Regional Office (RO) in St. Petersburg, Florida.

In addition to the Veteran's service connection claim for a hiatal hernia, the November 2009 rating decision denied his service connection claim for a heart disorder. The Veteran appealed both of these issues, and the Board denied his claims in an April 2014 decision. The Veteran appealed these denials to the United States Court of Appeals for Veterans Claims (Court). The parties to that action agreed upon a November 2014 Joint Motion for Remand, which remanded the case to the Board for further proceedings consistent with the motion. The Board subsequently remanded both issues in a January 2015 decision. 

When the case was returned to the Board for appellate review in January 2016, the Board denied the Veteran's service connection claim for a hiatal hernia, and remanded his service connection claim for a heart disorder. The Veteran then appealed the Board's denial of his service connection claim for a hiatal hernia to the Court. In a July 2016 order, the Court vacated that portion of the January 2016 Board decision and remanded the matter to the Board for development consistent with the parties' Joint Motion for Partial Remand (Joint Motion).

The Board notes that the remanded issue of entitlement to service connection for a heart disorder, to include a stroke, and as secondary to service-connected duodenal ulcer, is still being developed by the Agency of Original Jurisdiction (AOJ) and has not been recertified to the Board. Thus, this issue is not before the Board at this time.

This appeal was processed using the Virtual VA paperless claims processing system and the Veterans Benefits Management System (VBMS). Accordingly, any future consideration of this case should take into consideration the existence of these records.

The appeal is REMANDED to the AOJ. VA will notify the Veteran if further action is required.

REMAND

In September 2015, a VA examiner opined that that it was less likely than not that the Veteran's hiatal hernia had its clinical onset during active duty service. The examiner also opined that it was less likely than not that the Veteran's hiatal hernia was caused or aggravated by the Veteran's service-connected duodenal ulcer. The examiner observed that the Veteran was not documented to have a hiatal hernia until 2006, despite the fact that he was diagnosed with a peptic ulcer in the military. In addition, a hiatal hernia is a physiological condition rather than a worsening of peptic ulcer disease. It also did not result from the treatment of peptic ulcer disease. 
In the Joint Motion, the parties agreed that the examiner's opinion did not adequately explain his conclusion that the hiatal hernia was not aggravated by the Veteran's peptic ulcer disease. Barr v. Nicholson, 21 Vet. App. 303 (2007). In accordance with the Joint Motion, a remand is necessary to obtain an additional VA medical opinion that adequately addresses whether the Veteran's hiatal hernia was aggravated by his service-connected duodenal ulcer.

Accordingly, the case is REMANDED for the following action:

1. The AOJ should request that the Veteran provide the names and addresses of any and all health care providers who have provided treatment for his hiatal hernia. After acquiring this information and obtaining any necessary authorization, the AOJ should obtain and associate these records with the claims file.

The AOJ should also secure any outstanding, relevant VA medical records, to include records from the North Florida/South Georgia Veterans Health Care System dated since March 2016. All attempts to obtain records should be documented in the claims folder.

2. After the preceding development is completed, return the claims file to the examiner who provided the September 2015 VA medical opinion on the etiology of the Veteran's hiatal hernia. If that examiner is unavailable, obtain a VA medical opinion from another qualified examiner. The electronic claims files must be made available to the examiner. The examiner is requested to review all pertinent records associated with the claims file. A clear explanation for all opinions based on specific facts for the case as well as relevant medical principles is needed. If an examination is deemed necessary, one must be provided.

For the Veteran's diagnosed hiatal hernia, the examiner should provide an opinion as to the following questions:

(a) Whether it is at least as likely as not (a 50 percent or greater probability) that the hiatal hernia manifested during active service or is otherwise related to an event, injury, or disease incurred during active service.

(b) Whether it is at least as likely as not (a 50 percent or greater probability) that the Veteran's service-connected duodenal ulcer caused the Veteran's hiatal hernia.

(c) Whether it is at least as likely as not (a 50 percent or greater probability) that the Veteran's service-connected duodenal ulcer permanently aggravated the Veteran's hiatal hernia.

3. Review the examination report to ensure that it is in complete compliance with the directives of this remand. If the report is deficient in any manner, the AOJ must implement corrective procedures. Stegall v. West, 11 Vet. App. 268, 271 (1998).

4. After completing the above actions, and any other development as may be indicated by any response received as a consequence of the actions taken in the paragraphs above, the claims must be readjudicated. If the claim remains denied, a supplemental statement of the case must be provided to the Veteran and his representative. After the Veteran and his representative have had an adequate opportunity to respond, the appeal must be returned to the Board for appellate review.

The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
MICHAEL D. LYON 
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).